## 19677

Maggie Lee HART, Appellant, v. John DOE, Respondent.

(198 S. E. (2d) 526)

*Lofton M. Fanning, Esq.,* of Orangeburg, *for Appellant,* cites:

*C. Walker Limehouse, Esq.,* of Orangeburg, *for Respondent,* cites:

August 15, 1973.

BUSSEY, Justice:

This action was brought in Orangeburg County Court against "John Doe", the unidentified driver of a motor vehicle, under the provisions of Secs. 46-750.34 and 46-750.35, supplement to the 1962 Code of Laws. Upon trial, the jury returned a verdict for the plaintiff for both actual and punitive damages. Following the verdict, the defense made a motion for judgment *non obstante veredicto,* or in the alternative, for a new trial. The motion for judgment *non obstante veredicto* was granted and plaintiff appeals.

On the morning of May 8, 1971, at approximately 11 o'clock, the plaintiff was driving an automobile, the property of her husband, in a northerly direction on South Carolina Highway No. 453, between Holly Hill, South Carolina, and Eutawville, South Carolina, in Orangeburg County. Passengers in the automobile were plaintiff's married daughter, Linda Kay Martin, aged 19; her son, George Hart, aged 17; and Walter Martin, aged 15, a brother-in-law of Linda. It was raining at the time. As plaintiff approached the intersection of secondary road S-38-174, a pickup truck with a camper thereon was approaching the intersection on S-38-174. The intersection of these two highways is a long Y-shaped one, at which the secondary road merges into the main highway from the south.

It is plaintiff's contention that John Doe, the driver of the camper truck, failed to yield the right of way, struck the vehicle driven by her, causing the same to wreck, with resulting serious personal injuries to the plaintiff. In the vicinity of the intersection plaintiff swerved her car to the left, crossed a ditch or embankment into a field, and did con-

siderable damage to the front end of her car, none of which, admittedly, was caused by any contact with the pickup truck. It is plaintiff's contention, however, that the pickup truck made contact with the right door of her car.

Upon hearing the post trial motion, the trial judge concluded that the ends of justice required at least the granting of a new trial and stated that he would not hesitate to grant the same if the defendant were not entitled to judgment *non obstante veredicto.* Judgment *n. o. v.* was granted on the grounds, (1) that there was no evidence from which a reasonable inference could be drawn that there was any contact between the vehicle driven by the plaintiff and the defendant's vehicle, and (2) that the evidence was susceptible of no other reasonable inference than that the plaintiff was negligent in failing to ascertain the identity of the other vehicle and the driver thereof. The order of the trial judge shows that in considering the matter he was quite mindful of the elementary propositions of law that in passing upon a motion for a directed verdict, the evidence must be viewed in the light most favorable to the other party, and if more than one reasonable inference can be drawn therefrom, or if the inferences to be drawn from the evidence are in doubt, the case should be submitted to the jury, but, where only one reasonable or legitimate inference can be drawn from the evidence, the question is one of law for the court. See cases collected in West's South Carolina Digest, Trial Key Nos. 142, 178. His Honor relied, *inter alia,* upon *Waring v. S. C. Power Co.,* 177 S. C. 295, 181 S. E. 1, from which he quoted the following:

"The requirement that the testimony shall be considered in a light most favorable to the plaintiff does not by some legerdemain serve as a substitute for evidence, nor is it of sufficient potency in itself to create and generate evidentiary matter. There must always be present a scintilla of evidence before the rule may be invoked.

"In a very recent decision of this court, *Turner v. American Motorists Ins. Co.,* 176 S. C. 260, 180 S. E. 55, 56, Mr.

Justice Bonham, who wrote the opinion, makes some very pertinent observations with reference to the scintilla rule. In this case he says:

" 'The appellant labors under the erroneous idea that the Supreme Court has overruled the pronounced principle, to wit, if there is any relevant testimony, amounting to a scintilla, it must be left to the jury to determine its force and effect. The meaning of the rule is that there must be some *evidence* arising out of the testimony which elucidates the issues of fact, and which enables the jury to form an intelligent conclusion. It does not authorize the admission of speculative, theoretical, and hypothetical views. * * *'

" 'Whilst adhering to the scintilla rule, this court has recognized a rule supplemental to the scintilla rule, which is thus propounded in the case of *National Bank v. Thomas J. Barrett, Jr. & Co.,* 173 S. C. 1, 174 S. E. 581: "If it be conceded that there may be deduced by a process of unusual finesse of reasoning that there is a scintilla of evidence * * * nevertheless there is another rule, more founded upon common sense and reason, to the effect that when only one reasonable inference, not just one inference, but one reasonable inference, can be deduced from the evidence, it becomes a question of law for the court, and not a question of fact for the jury." ' "

Plaintiff did not offer as a witness any of the passengers in her car, nor any of several people well known to her, save one in reply, who were soon upon the scene and who might have been in position to testify as to the presence or absence of any physical evidence indicating a contact between the two vehicles. Walter Martin, the youngest occupant of plaintiff's car, was offered as a witness by the defense and his testimony, to say the least, was not favorable to the plaintiff.

Quite appropriately, not all of the trial evidence is contained in the record on appeal, nor do we have the benefit of all of the court room exhibits or the

opportunity which the trial judge had of observing the demeanor of the witnesses. As a condition to the plaintiff's right to recover under Code Sec. 46-750.34, the burden rested upon her to prove by a preponderance of the evidence that her injury was caused by a physical contact with the unknown vehicle and that she was not negligent in failing to determine the identity of the other vehicle and the driver thereof. Considering that the burden of proof was upon her, any evidence tending to prove contact was at best sketchy, vague and contradictory. We can readily understand His Honor's conclusion that no reasonable inference could be drawn therefrom to the effect that a contact actually occurred, but even if it be assumed that His Honor erred in this respect, he was, we think, clearly correct in holding that plaintiff was negligent, as a matter of law, in failing to determine the identity of the other vehicle and the driver thereof, and thus barred from recovery.

Plaintiff was painfully injured, sustaining a compressed fracture of her second lumbar vertebra and as a result she testified that she was unable to move immediately following the accident, but her testimony as to various post accident facts reflects that she remained in full possession of her mental faculties. She remained in her car for some twenty or thirty minutes until removed by an ambulance from Holly Hill in which she was conveyed to Orangeburg Hospital. Immediately following the wreck, she directed one of the children to go for their father and the other to go notify the Highway Patrol and get an ambulance.

Mr. Scott, who was known to the plaintiff, came to the scene with a wrecker shortly after the accident and was directed by the plaintiff to go get Mrs. Martin, the mother-in-law of Linda Kay, and bring her to the scene. Mr. Scott did so and Mrs. Martin went with the plaintiff to the hospital in the ambulance when the same arrived. The driver of the pickup trucked parked nearby, came to the wrecked car and stayed with the plaintiff until after the ambulance departed with plaintiff for the hospital. Plaintiff was able to describe him

in detail and to relate precisely what he had said. She described him as a "big, tall and stout man and was red-headed and had a long red beard." He told the plaintiff that he was from Texas, and, inferentially, that he was a stranger in the neighborhood. At the time there was a large fishing rodeo going on at Rocks Pond Campground, which fact was apparently known to the plaintiff.

The fact that the unidentified man remained at the scene until after the ambulance departed for the hospital with the plaintiff is corroborated by several witnesses. In brief, we have the plaintiff in full possession of her faculties, who spent some twenty or thirty minutes in the company of the man from Texas whom she knew to be a stranger in the neighborhood, and who, as she contends, ran into her and forced her into a field. At first she had with her three nearly grown passengers, and later she had with her the wrecker driver, Mrs. Martin and also an ambulance driver, all of whom were known to her. Yet, she made no effort to ascertain the identity of the man from Texas or to ask any of her family or acquaintances upon the scene to ascertain any information about him or the vehicle he was driving. Her only excuse for failing to do so is that she was in pain. We do not question that she suffered pain, but it is, we think, significant that her pain did not interfere with her being in possession of her faculties sufficiently to give directions about everything else which she thought needed to be done.

Simply stated, negligence is the failure to use due care; that degree of care which a person of ordinary prudence and reason would exercise under the same circumstances. The burden was upon the plaintiff here to prove that she did, in fact exercise due care to determine the identity of the other vehicle and the driver thereof; and the only inference from the testimony is that she exercised no care whatever in this respect.

We conclude that the trial court properly granted defendant's motion for judgment *non obstante veredicto,* and said judgment is accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.