22902

Julie M. ANDERSON, Appellant v.
RACETRAC PETROLEUM, INC., Respondent.

(371 S. E. (2d) 530)

Supreme Court

*Jean P. Derrick,* Lexington, *for appellant.*

*Robert C. Brown,* Columbia, *for respondent.*

Heard June 8, 1988.

Decided Aug. 29, 1988.

*Per Curiam:*

Appellant Julie M. Anderson appeals a circuit court order granting respondent Racetrac Petroleum, Inc., summary judgment. We reverse.

Appellant commenced this negligence action alleging that she was injured on July 19, 1986, by a metal strip protruding from the base of respondent's store counter. Appellant as-

serts that on the date of the injury, respondent either knew or should have known this dangerous condition existed and that for this reason, respondent is liable for damages. Respondent denied negligence and pled contributory negligence as an affirmative defense. Discovery was taken by way of interrogatories and depositions. The circuit court granted respondent's motion for summary judgment.

Appellant argues that the circuit court erred in granting respondent summary judgment because there are genuine issues of material fact as to whether respondent knew or should have known a dangerous condition existed on its premises and failed to warn appellant. In order for appellant to recover damages for injuries caused by a dangerous or defective condition on respondent's premises, appellant must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it. *See Pennington v. Zayre Corp.*, 252 S. C. 176, 165 S. E. (2d) 695 (1969); *Hunter v. Dixie Home Stores*, 232 S. C. 139, 101 S. E. (2d) 262 (1957).

In order to be entitled to summary judgment, the moving party must show that no genuine issue exists as to any material fact and that such party is entitled to judgment as a matter of law. *See* S. C. Rule Civ. P. 56(c) (1988); *see also Tom Jenkins Realty, Inc., v. Hilton*, 278 S. C. 624, 300 S. E. (2d) 594 (1983); and *Sumter Dairies v. Pelfrey*, 268 S. C. 437, 234 S. E. (2d) 490 (1977).

Respondent contends the circuit court ruled properly because appellant presented no evidence that respondent had actual or constructive knowledge of the projecting metal strip prior to the accident. Evidence offered on behalf of the respondent by its cashier and store manager indicated that they were both on duty at the time of the incident. They testified that they did not "recall" a metal strip protruding into the aisle; and had there been, they would have observed it during the course of their duties. They further testified that appellant was barefoot and had injured herself, but they could not determine whether the accident occurred inside or outside the store.

To the contrary, appellant offered evidence by way of

affidavit asserting that eleven months after the incident, she, her mother and their attorney went to the store, took photographs of the scene, and that the metal piece and surrounding area looked "exactly like we both remember it looked on July 19, 1986." These photographs were introduced at the hearing and were before the trial court when it ruled on the motion for summary judgment.

Considering the evidence and all the reasonable inferences to be drawn therefrom in a light most favorable to the appellant, we find that respondent's summary judgment motion should have been denied. *Hammond v. Scott*, 268 S. C. 137, 232 S. E. (2d) 336 (1977). It is our opinion that the photographs, when considered in conjunction with appellant's affidavit, are sufficient to create a genuine issue of material fact. *Tom Jenkins Realty, Inc., v. Hilton, supra.*

We venture no opinion concerning the authenticity or admissibility of the photographs since these issues were not raised on appeal. We note also that the trial judge ruled as a matter of law that the appellant was guilty of contributory negligence for walking barefoot through the store and was not paying attention to where she was going. In view of our holding on the trial court's granting respondent summary judgment, we make no disposition of this issue and appellant's remaining exceptions.

Accordingly, we conclude that summary judgment was improvidently granted and reverse the circuit court's decision.