## 22955

Margene TODD, as Executrix of the Last Will and Testament of Winfield Scott Lloyd, Appellant v. Bernice Norris WOODARD, Respondent.

(376 S. E. (2d) 276)

Supreme Court

*E. Windell McCrackin* of *McCrackin, Barnett, Gundling & Richardson,* Myrtle Beach, *for appellant.*

*Julian Z. Hanna* of *Strobel & Hanna,* Pawleys Island, *for respondent.*

Submitted Nov. 15, 1988.

Decided Feb. 6, 1989.

GREGORY, Chief Justice:

This appeal is from a circuit court order reversing an

order of the probate court. We reverse and reinstate the probate court's order.

Scott Lloyd died on July 24, 1985. His executrix and sole beneficiary by will dated June 29, 1985, was appellant Margene Todd, a longtime friend of the decedent. Todd filed a petition to prove the will in probate court. The petition was contested by respondent Bernice Woodard, decedent's cousin, who denied the will's validity alleging mistake, undue influence, and fraud by Todd. Woodard was decedent's sole beneficiary under a previous will dated January 30, 1969.

Todd moved for summary judgment. The probate court granted the motion on the ground there was no genuine issue of fact regarding mistake, fraud, or undue influence. The probate court concluded the 1985 will was valid and admitted it to probate. The circuit court reversed, finding there was an issue of fact regarding undue influence.

The record includes the following testimony concerning the circumstances surrounding the execution of the 1985 will. The decedent was in the hospital with lung cancer at the time the will was signed. John Amaker, who was a witness to the signing, stated that decedent asked him for help in retaining an attorney to prepare this new will. Amaker had no doubt decedent knew what he was doing. In his opinion there was no coercion or duress involved. Amaker's daughter, Teresa, also witnessed the signing of the will. It was her opinion that decedent was of sound mind.

Nathan Davis is the attorney who drew the 1985 will. He stated he questioned decedent thoroughly to determine why he was changing his will. Decedent told Davis he felt abandoned by his relatives while Todd had cared for him during his illness.

Woodard testified she saw decedent one week before the 1985 will was made. Decedent told her Todd was in financial trouble and was separated from her husband. He also told her Todd had been in his hospital bed one time. Woodard conceded she did not know if decedent was in the bed with Todd at the time or not.

Todd testified she had been friends with decedent for fourteen years. She never told decedent she was separated

from her husband or that she needed money. She stayed with decedent at the hospital for days at a time. She had decedent's power of attorney and was a joint owner of three of his bank accounts totalling over $26,000. She did sleep in decedent's hospital bed one night while he spent the night in a chair because of discomfort from his illness.

By affidavit, Mildred Herring, an unidentified witness, stated she heard decedent say Todd was in dire need of money since she had separated from her husband. Herring quoted decedent as saying, "the nurse got upset with [Todd] for getting in bed with me."

The circuit court found affiant Herring's statement that decedent said Todd was in dire need of money created a genuine issue of material fact regarding undue influence. Based on the record, we find this conclusion clearly erroneous.

The mere existence of influence is not enough to vitiate a will. The influence must be of such a degree that it dominated the testator's will, took away his free agency, and prevented his exercise of judgment and free choice. *In re Last Will and Testament of Smoak*, 286 S. C. 419, 334 S. E. (2d) 806 (1985). A mere showing of opportunity or motive does not create an issue of fact regarding undue influence. *Id.; Calhoun v. Calhoun*, 277 S. C. 527, 290 S. E. (2d) 415 (1982).

When viewed in the light most favorable to Woodard, the evidence at best demonstrates only motive and is insufficient to create an issue of fact regarding undue influence. Woodard does not assert in her sustaining grounds, nor does the record indicate, any issue of fact regarding mistake or fraud in the alternative. In conclusion, we find no issue of material fact concerning the validity of the 1985 will. We hold the circuit court erred in reversing the probate court's order awarding Todd summary judgment. *See Anderson v. Racetrac Petroleum, Inc.*, 296 S. C. 204, 371 S. E. (2d) 530 (1988) (standard for summary judgment).

We need not address Todd's remaining exceptions. The judgment of the circuit court is reversed and the order of the probate court is reinstated.

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.