**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MELVINIA O'NEAL,
Plaintiff-Appellant,

v.                                                                          No. 96-1264

FOOD LION, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-94-2699-2-18)

Argued: January 31, 1997

Decided: March 3, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Paul Bowler, JOHN P. BOWLER & ASSO-
CIATES, North Charleston, South Carolina, for Appellant. Christo-
pher Joseph McCool, NELSON, MULLINS, RILEY & SCARBOR-
OUGH, L.L.P., Charleston, South Carolina, for Appellee. **ON
BRIEF:** Richard A. Farrier, Jr., NELSON, MULLINS, RILEY &
SCARBOROUGH, L.L.P., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melvinia O'Neal appeals the district court's grant of Food Lion, Inc.'s motion for judgment as a matter of law, see Fed. R. Civ. P. 50(a), and the district court's denial of her motion to alter or amend the judgment, see Fed. R. Civ. P. 59(e). For the reasons that follow, we affirm.

I

On August 19, 1992, O'Neal, while shopping at a Food Lion grocery store, was injured when she retrieved a three-pound bag of onions from a display rack which caused several other three-pound bags of onions to fall on her. The display rack, known as the "Potato Bunker," is constructed of wood and consists of four shelves upon which various types of potatoes and onions are displayed. The fourth shelf, which is at a height of five feet, is the shelf upon which the three-pound bags of onions were stacked seven to eight bags high.

O'Neal, who is five foot two to five foot three inches tall, was unable to reach the bag on top of the Potato Bunker. Consequently, she proceeded to pull a bag from the middle of the stack, located at chest or shoulder level. After she removed the bag, three or four bags fell from the shelf. As she bent over to pick up the fallen bags, ten to fifteen additional bags fell, some of which landed on her head and back.

As a result of her injuries, O'Neal filed a complaint in state court on September 28, 1994. The gist of O'Neal's complaint was that Food Lion created a dangerous condition--stacking the bags too high-- which caused her injury. The case was removed by Food Lion to the United States District Court for the District of South Carolina. The case proceeded to trial, and at the close of O'Neal's case on liability,

2

Food Lion moved for judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 50(a). The district court granted the motion and entered judgment in favor of Food Lion on November 16, 1995. On November 27, 1995, O'Neal moved to alter or amend the judgment, <u>see</u> Fed. R. Civ. P. 59(e).\* The district court denied the motion. O'Neal appeals.

II

We review the district court's grant of a motion for judgment as a matter of law <u>de novo</u>. <u>See In re Wildewood Litig.</u>, 52 F.3d 499, 502 (4th Cir. 1995). The denial of a motion to alter or amend the judgment under Rule 59(e) is reviewed for an abuse of discretion. <u>See Collison v. Int'l Chem. Workers Union</u>, 34 F.3d 233, 236 (4th Cir. 1994).

In order for O'Neal to recover damages for injuries caused by a dangerous or defective condition in Food Lion's grocery store, O'Neal must show that her injuries were caused by a specific act of Food Lion which created the dangerous or defective condition or that Food Lion had actual or constructive notice of the dangerous or defective condition and failed to remedy it. <u>Anderson v. Racetrac Petroleum, Inc.</u>, 371 S.E.2d 530, 531 (S.C. 1988).

In this case, the parties vigorously dispute whether Food Lion created a dangerous or defective condition and/or had actual or constructive notice of the dangerous or defective condition. We will assume, without deciding, that Food Lion created a dangerous or defective condition when one of its employees stacked the bags seven to eight bags high. Such an assumption, however, is of no help to O'Neal.

Under South Carolina law, a plaintiff in a negligence action may recover damages only if "her negligence is not greater than that of the defendant." <u>Nelson v. Concrete Supply Co.</u>, 399 S.E.2d 783, 784 (S.C. 1991). In this case, the record is clear that O'Neal knew the bags of

_____

\*O'Neal's motion was captioned as a motion to vacate and set aside the judgment and for new trial pursuant to Rules 50(c) and 59 of the Federal Rules of Civil Procedure. Because the district court granted Food Lion's motion for judgment as a matter of law prior to sending the case to jury, the district properly treated O'Neal's motion as a motion to alter or amend the judgment under Rule 59(e), and we will do the same.

3

onions were overstacked, but nonetheless proceeded to pull a bag from the middle of the stack. In addition, the record demonstrates that O'Neal's own actions--pulling a bag from the middle of the stack--caused the other bags to fall from the shelf and onto her. Because O'Neal knew the bags of onions were overstacked, thereby recognizing and appreciating the danger of pulling a bag from the middle of the stack, and because her own actions caused the bags of onions to fall from the shelf, O'Neal was comparatively negligent to a degree of at least fifty-one percent as a matter of law. Cf. Small v. Pioneer Mach., Inc., 450 S.E.2d 609, 615 (S.C. Ct. App. 1994) (trial court must grant directed verdict "where the only reasonable inference to be drawn from the evidence is that the plaintiff's negligence was the direct and proximate cause of the plaintiff's injury"). Accordingly, O'Neal was not entitled to damages for any alleged dangerous condition created by Food Lion. Therefore, the district court properly granted Food Lion's motion for judgment as a matter of law. Because the district court properly granted Food Lion's motion for judgment as a matter of law, there was no abuse of discretion in the denial of O'Neal's motion to alter or amend the judgment.

III

For the reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED

4