THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Kay Cooper,       
Appellant,
 
 
 

v.

 
 
 
Wal-Mart Stores, Inc.,       
Respondent.
 
 
 

Appeal From Pickens County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2003-UP-159
Submitted January 10, 2003  Filed February 
 25, 2003 

AFFIRMED

 
 
 
Samuel Darryl Harms, of Greenville; for Appellant.
Laura W. H. Teer, Dana C. Mitchell, III, of Greenville; 
 for Respondent.
 
 
 

PER CURIAM:  The trial 
 court directed a verdict in favor Wal-Mart in Kay Coopers premises liability 
 action.  Cooper appeals arguing the trial court erred (1) in failing to find 
 that Wal-Mart created a hazardous condition by over-stocking display shelves 
 and (2) in failing to find that the Wal-Mart did not reasonably inspect the 
 area for dangerous conditions.  We affirm 
 [1] pursuant to Rule 220(c) and the following authorities:  Garvin v. 
 Bi-Lo, Inc., 343 S.C. 625, 541 S.E.2d 831 (2001) (A merchant is not an insurer 
 of the customers safety and owes only the duty of exercising ordinary care 
 to keep the premises in a reasonably safe condition.  Absent evidence that the 
 display was stacked in a defective manner by the merchant, or that the 
 merchant was on notice that the display had become unsafe, there is no evidence 
 from which a jury could find the dangerous condition was created by the merchant.) 
 (emphasis added);  Adams v. Creel, 320 S.C. 274, 277, 465 S.E.2d 84, 
 85 (1995) (stating that on appeal from an order granting a directed verdict, 
 this court views the evidence and all reasonable inferences from the evidence 
 in a light most favorable to the party against whom the directed verdict was 
 granted and if the evidence as a whole is susceptible of more than one reasonable 
 inference, a jury issue is created and the motion should have been denied); 
 Anderson v. Racetrac Petroleum, Inc., 296 S.C. 204, 205, 371 S.E.2d 530, 
 531 (1988) (citation omitted) (In order for a party to recover damages for 
 injuries caused by a defective or dangerous condition on a merchants premises, 
 the party must show either (1) that the injury was caused by a specific act 
 of the merchant which created the dangerous condition, or (2) that the merchant 
 had actual or constructive knowledge of the dangerous condition and failed to 
 remedy it.).
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER,
JJ., concur.   
 

 
 [1] We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.