722 S.E.2d 802

**Robert L. KNIGHT, Appellant,**

**v.**

**Charles P. AUSTIN, Sr., in his capacity as Columbia City Manager, City of Columbia, and Board of Trustees of Firemen's Retirement and Pension Fund of the Columbia Fire Department, Respondents.**

**No. 27095.**

Supreme Court of South Carolina.

Heard Nov. 30, 2011.

Decided Feb. 22, 2012.

Donald E. Jonas, of Lexington, for Appellant.

W. Allen Nickles, III and Matthew A. Nickles, both of Columbia, for Respondents.

Justice KITTREDGE.

Retired City of Columbia firefighter Robert L. Knight (Appellant) appeals the trial court's grant of a motion for summary judgment. We affirm.

A series of court orders from the 1970s required the Firemen's Pension Fund to tender "past due benefits" to Appellant. He now seeks a reimbursement of health insurance benefits as part of those past due benefits through mandamus and contempt. Because the underlying order and this Court's 1977 opinion do not unambiguously state Appellant is entitled to health insurance benefits, Appellant's mandamus and contempt claims must be dismissed.

## I.

In 1974 Appellant was employed by the City of Columbia (Respondent) [1] as a firefighter when he fell through the roof of a burning building. Appellant was ultimately awarded disability benefits. The circuit court issued an order finding Appellant was disabled and requiring Respondents to make "an immediate accounting and tender of past due benefits." On appeal, this court affirmed that order.[2] Thereafter, a dispute arose regarding the accounting of benefits, and the parties

---

1. In addition to the City, Respondents in this matter are Charles Austin, in his capacity as city manager, and the Board of Trustees of the Firemen's Retirement and Pension Fund of the Columbia Fire Department.

2. *Knight v. Bd. of Tr. of Firemen's Ret. & Pension Fund of the Cola. Fire Dep't*, 269 S.C. 671, 239 S.E.2d 720 (1977).

again sought relief in the circuit court. The matter was ultimately resolved by the circuit court in 1978, and no appeal was taken.[3]

More than thirty years later, Appellant filed this action in circuit court seeking reimbursement for health insurance benefits to which he was purportedly entitled for a period of time beginning September 10, 1975.[4] By way of relief, Appellant sought a writ of mandamus to compel payment as part of the aforementioned "past due benefits" and requested the trial court hold Respondents in contempt for failure to comply with the 1977 order. Respondents successfully moved for summary judgment on the basis that Appellant could not establish Respondents willfully and intentionally disregarded this Court's order requiring past due benefits to be tendered.[5] We find the circuit court properly granted summary judgment.

## II.

"When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Turner v. Milliman*, 392 S.C. 116, 121–22, 708 S.E.2d 766, 769 (2011). Summary

---

3. The issue of health insurance benefits was never raised or addressed in any of the above-referenced proceedings. According to the record before us, health insurance was not available through the Firemen's Pension Fund at the time of Appellant's work-related injury; rather, it was apparently available only through the City. Appellant never sought health insurance benefits until 2005, when he was enrolled under the City's group plan upon his application.

4. September 10, 1975 was the date of the Firemen's Pension Fund's second denial of Appellant's application for disability benefits.

5. Appellant contends Respondents' motion for summary judgment failed to comply with Rule 7(b), SCRCP, which requires that motions "shall state with particularity the grounds therefor." Respondents' motion stated only "The testimony and evidence ... cannot establish the essential elements of the claims presented." Although the motion by itself gave neither Appellant nor the court notice of the grounds for their motion, Respondents filed a detailed memorandum in support of their motion nine days before the summary judgment hearing, which stated with particularity the grounds upon which they sought summary judgment. Accordingly, Respondents' memorandum in support of its motion cured any alleged defect in the motion itself and satisfied the requirements of Rule 7(b).

judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law. *Id.;* Rule 56(c), SCRCP. "The evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Fleming v. Rose,* 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002) (internal citations omitted).

▮▮ Whether to issue both a writ of mandamus and an order of contempt lies within the sound discretion of the trial court, and an appellate court will only overturn that decision upon an abuse of discretion. *Wilson v. Preston,* 378 S.C. 348, 354, 662 S.E.2d 580, 583 (2008). An abuse of discretion occurs when the trial court's decision is based upon an error of law. *Ex parte Bland,* 380 S.C. 1, 13, 667 S.E.2d 540, 546 (2008) (internal citations omitted).

▮ The writ of mandamus is the "highest judicial writ known to the law." *Sanford v. S.C. State Ethics Comm'n,* 385 S.C. 483, 493, 685 S.E.2d 600, 605 (2009) (internal citations omitted). Mandamus is utilized only to compel ministerial duties and then only if the "asserted right is clear and certain." *Godwin v. Carrigan,* 227 S.C. 216, 222, 87 S.E.2d 471, 473 (1955). "The primary purpose of a writ of mandamus is to enforce an established right and to enforce a corresponding imperative duty created and or imposed by law." *Porter v. Jedziniak,* 334 S.C. 16, 18, 512 S.E.2d 497, 497 (1999); *see also Sanford,* 385 S.C. at 493, 685 S.E.2d at 605–06 (holding the principal function of mandamus is "to command and execute, and not to inquire and adjudicate").

▮ Similarly, contempt results from the willful disobedience of a court order. *Bigham v. Bigham,* 264 S.C. 101, 104, 212 S.E.2d 594, 596 (1975). Willful disobedience requires an act to be done "voluntarily and intentionally" with specific intent not to do something the law requires to be done. *Spartanburg County Dep't of Soc. Servs. v. Padgett,* 296 S.C. 79, 82–83, 370 S.E.2d 872, 874 (1988). Moreover, in order to find willful disobedience, contempt requires the court order to be unequivocal. *See Welchel v. Boyter,* 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973) (holding that, in order for contempt to

lie, the language of a court order's commands must be clear and certain).

Appellant claims that a question of fact exists as to whether the order requiring "past due benefits" to be tendered included health insurance benefits, and therefore, summary judgment is not appropriate. Appellant admits that the language of the underlying court order and our 1977 opinion requiring payment of "past due benefits" does not, by its terms, unequivocally include health insurance benefits. Ambiguity in the court orders, in essence, negates any claim of a clear and certain right. Accordingly, in the absence of language indicating a clear right or unmistakable duty, Appellant was entitled to neither mandamus nor contempt relief as a matter of law. Therefore, summary judgment was properly granted.

**AFFIRMED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.