**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kathy Smith, Appellant,

v.

Joseph H. Moore, Respondent.

Appellate Case No. 2011-201526

———————————

Appeal From Clarendon County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-598
Submitted October 1, 2012 – Filed October 31, 2012

———————————

**AFFIRMED**

———————————

Robert J. Butcher, of The Camden Law Firm, PA, of Camden, for Appellant.

James Keith Gilliam and Henrietta U. Golding, both of McNair Law Firm, PA, of Myrtle Beach, for Respondent.

———————————

**PER CURIAM:** Kathy Smith appeals the trial court's grant of summary judgment in favor of Joseph H. Moore, arguing the trial court erred in the following: (1) granting summary judgment on her intentional infliction of emotional distress claim; (2) granting summary judgment on her assault claim; (3) granting summary

judgment on her false imprisonment claim; and (4) considering evidence of her settlement offer in determining whether to grant summary judgment.[1]  We affirm.[2]

Appellate courts apply the same standard as trial courts when reviewing a grant of summary judgment pursuant to Rule 56(c), SCRCP.  *Knight v. Austin*, 396 S.C. 518, 521, 722 S.E.2d 802, 804 (2012).  "Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."  *Id.* at 521-22, 722 S.E.2d at 804; Rule 56(c), SCRCP.  In making this determination, the court must view the evidence and draw all reasonable inferences in a light most favorable to the non-moving party.  *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002).  "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."  *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009).  "However, in cases requiring a heightened burden of proof . . . the non-moving party must submit more than a mere scintilla of evidence to withstand a motion for summary judgment."  *Id.* at 330-31, 673 S.E.2d at 803.

1.  We hold the trial court did not err in granting Moore's motion for summary judgment on Smith's intentional infliction of emotional distress claim.  "[W]hen ruling on a summary judgment motion, a court must determine whether the plaintiff has established a prima facie case as to each element of a claim for intentional infliction of emotional distress."  *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 358, 650 S.E.2d 68, 71 (2007).  To prevail in an action for intentional infliction of emotional distress, a plaintiff must establish the following:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct;
>
> (2)  the conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency" and must be

---

[1] We hold Smith's other issue is abandoned because she fails to present any argument concerning it in her appellate brief.  *See Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006) (noting an issue that is raised on appeal but not argued in the appellate brief is deemed abandoned and will not be considered by an appellate court).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

regarded as "atrocious, and utterly intolerable in a civilized community;"

(3) the actions of the defendant caused plaintiff's severe emotional distress; and

(4) the emotional distress suffered by plaintiff was "severe" such that "no reasonable man could be expected to endure it."

*Argoe v. Three Rivers Behavioral Health, L.L.C.*, 392 S.C. 462, 475, 710 S.E.2d 67, 74 (2011) (quoting *Hansson*, 374 S.C. at 356, 650 S.E.2d at 70 (2007)).  "In order to prevent claims for intentional infliction of emotional distress from becoming a panacea for wounded feelings rather than reprehensible conduct, the court plays a significant gatekeeping role in analyzing a defendant's motion for summary judgment." *Hansson*, 374 S.C. at 358, 650 S.E.2d at 72 (quotation marks and citation omitted).  Here, Smith admitted in her deposition that her incident with Moore did not cause her to seek any sort of medical help, did not cause her to miss work, and did not affect her ability to perform her job.  Additionally, Smith testified the only damages she suffered resulted from rumors about the incident that spread around town.  Based on this testimony, we hold Smith failed to establish a genuine issue of material fact existed as to her claim for intentional infliction of emotional distress.

2.  We hold the trial court did not err in granting summary judgment on Smith's assault claim.  "An 'assault' is an attempt or offer, with force or violence, to inflict bodily harm on another or engage in some offensive conduct." *Mellen v. Lane*, 377 S.C. 261, 276, 659 S.E.2d 236, 244 (Ct. App. 2008).  "The elements of assault are: (1) conduct of the defendant which places the plaintiff, (2) in reasonable fear of bodily harm." *Id.*  Here, in addition to Smith's failure to present evidence indicating she was afraid Moore was going to harm her, Smith testified she had never been in a situation in which she was afraid anyone was going to harm her.  Accordingly, the trial court did not err in finding Smith failed to establish a genuine issue of material fact existed as to her assault claim.

3.  We hold the trial court did not err in granting summary judgment on Smith's false imprisonment claim.   "False imprisonment is the deprivation of one's liberty without justification." *Jones by Robinson v. Winn-Dixie Greenville, Inc.*, 318 S.C. 171, 175, 456 S.E.2d 429, 432 (Ct. App. 1995).  To prevail under a false imprisonment theory, a plaintiff must establish the following:  (1) the defendant restrained him; (2) the restraint was intentional; and (3) the restraint was unlawful.

*Argoe*, 392 S.C. at 473, 710 S.E.2d at 73. "The tort of false imprisonment may be committed by words alone, or by acts alone or by both, and by merely operating on the will of the individual, or by personal violence or by both." *Gathers v. Harris Teeter Supermarket, Inc.* 282 S.C. 220, 230-31, 317 S.E.2d 748, 755 (Ct. App. 1984). Here, Smith failed to present any evidence indicating Moore in any way restrained her, and actually testified she had never been in a situation where she was held against her will. Accordingly, we hold the trial court did not err in finding Smith failed to establish there existed a genuine issue of material fact as to Smith's false imprisonment claim.

4. We hold Smith's issue assigning error to the trial court's consideration of her settlement offer is not preserved for review because it was never raised to or ruled upon by the trial court. *See Herron v. Century BMW*, 395 S.C. 461, 466,719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial [court].").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**