**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Eric Jones, Appellant,

v.

Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, Respondents.

Appellate Case No. 2011-200627

———————————

Appeal From Berkeley County
Roger M. Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-625
Submitted November 1, 2012 – Filed November 28, 2012

———————————

**AFFIRMED**

———————————

Overture Eroica Walker and Lowell E. Bernstein, of Bernstein & Bernstein, LLC, of Columbia, for Appellant.

Regina Hollins Lewis and Amy Lohr Gaffney, of Gaffney Lewis & Edwards, LLC, of Columbia, for Respondents.

———————————

**PER CURIAM:** James Eric Jones appeals the trial court's grant of summary judgment in favor of Wal-Mart Stores, Inc. (Wal-Mart), arguing the trial court erred in finding he failed to present evidence that a genuine issue of material fact

existed as to whether Wal-Mart had notice of a dangerous condition on its premises. We affirm.[1]

We hold Jones failed to present sufficient evidence to establish a genuine issue of material fact existed as to whether Wal-Mart was on notice of a dangerous condition on its premises at the time Jones was injured. Appellate courts apply the same standard as trial courts when reviewing a grant of summary judgment pursuant to Rule 56(c), SCRCP. *Knight v. Austin*, 396 S.C. 518, 521, 722 S.E.2d 802, 804 (2012). "Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Id.* at 521-22, 722 S.E.2d at 804; *see also* Rule 56(c), SCRCP. In making this determination, the court must view the evidence and draw all reasonable inferences in a light most favorable to the non-moving party. *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002). "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009).

A shopkeeper "owes an invitee the duty of exercising reasonable or ordinary care for his safety." *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 36, 542 S.E.2d 728, 730 (2001). A shopkeeper is liable for breaching this duty. *Id.* However, "a merchant is not an insurer of the safety of his customers." *Id.*

> To recover damages for injuries caused by a dangerous or defective condition on a defendant's premises, a plaintiff "must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it."

*Pringle v. SLR, Inc. of Summerton*, 382 S.C. 397, 404, 675 S.E.2d 783, 787 (Ct. App. 2009) (quoting *Anderson v. Racetrac Petroleum, Inc.*, 296 S.C. 204, 205, 371 S.E.2d 530, 531 (1988)). "Constructive notice may be proved by showing that the material had been on the floor sufficiently long that the defendant was negligent in failing to discover and remove it." *Pennington v. Zayre Corp.*, 252 S.C. 176, 178, 165 S.E.2d 695, 696 (1969). Here, Jones's testimony indicates the snake that

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

caused his injury was hidden prior to the attack.  Additionally, two separate Wal-Mart employees testified no one notified them of a snake on the premises prior to Jones's attack.   The Wal-Mart employees also testified they conducted safety sweeps and used "Snake Away," further indicating Wal-Mart was not negligent in failing to discover the snake.  Finally, Jones's expert's affidavit merely speculates as to when the snake actually entered the store; therefore, it cannot defeat summary judgment.  *See Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 390, 701 S.E.2d 776, 780 (Ct. App. 2010) (noting a non-moving party may not rely on speculation to defeat a motion for summary judgment).  Accordingly, the trial court did not err in granting summary judgment.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**