809 S.E.2d 60

**Willie JORDAN, Appellant,**

v.

**Jane DOE, Respondent.**

Appellate Case No. 2015-002354

Opinion No. 5526

Court of Appeals of South Carolina.

Heard June 21, 2017

Filed December 13, 2017

Pamela R. Mullis, of Mullis Law Firm, PA, of Columbia, for Appellant.

Helen F. Hiser and Andrew Luther Richardson, Jr., both of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent.

LOCKEMY, C.J.:

In this action pursuant to the uninsured motorist statute, Willie Jordan appeals the circuit court's order granting sum-

mary judgment to Jane Doe as a result of Jordan's failure to comply with section 38-77-170(3) of the South Carolina Code (2015). We reverse.

## FACTS

On March 13, 2014, Willie Jordan filed a Jane Doe action claiming he was struck by an unknown driver and suffered injuries as a result of that accident. Jordan claimed he left his job at Owen Steel at 2:30 p.m. on April 1, 2011, to pick up a friend at a local store. Jordan parked his truck and, while walking to the store, made a phone call on his cell phone. Jordan claims a woman in a gray van then backed into him, driving him to the pavement. Jordan stated the woman got out of her van, saw him under the rear bumper, and yelled, "Them damn telephones will get you killed." According to Jordan, the van then left the parking lot quickly.[1]

Jordan claimed he got up and asked other people in the parking lot which way the van went. Jordan then got back in his truck and drove around the area for approximately 20 minutes looking for the van, but could not find it. After his search, Jordan returned to the scene of the accident.

Jordan went to one of the businesses in the shopping center to ask the owner if there was video of the driver. The store clerk indicated she had seen the driver and she frequented the store. The clerk also told Jordan the store's surveillance equipment captured an image of the driver. Jordan saw the picture but did not ask for a copy of the video. Jordan did not ask the clerk if she knew the identity of the driver.

The next morning, Jordan woke up in pain and went to the emergency room for treatment. A nurse told Jordan he was going to call the police to report the accident. A police report prepared after speaking with Jordan indicates

> Mr. Jordan stated the only reason he called law enforcement is because on today when visiting the hospital, hospital employees told him to do so. Mr. Jordan did not want law enforcement to be involved. Mr. Jordan stated that he did not want to prosecute. Mr. Jordan stated that he did not

---

1. While not essential to this court's holding, these facts illustrate the modern societal paradox of the immovable force of advancing personal electronic communications meeting the unstoppable object of 3000 pounds of steel and plastic.

know if it was intentional or unintentional. . . . Mr. Jordan stated there was a video camera at the incident location.

The police report also indicated officers spoke with the manager of the store the driver frequented. Officers took a picture of the driver from the store's video camera "for investigative purposes." An additional narrative attached to the police report indicates "Mr. Jordan will prosecute."

Jane Doe filed a motion for summary judgment, alleging Jordan failed to comply with section 38-77-170 of the South Carolina Code, and Doe was entitled to judgment as a matter of law. During the motion hearing Doe asserted Jordan was negligent in failing to determine who the driver was and failed to produce an affidavit by an accident witness until four years after the accident. After the hearing, the circuit court issued an order granting Doe's motion for summary judgment and finding Jordan was negligent in failing to ascertain the identity of the driver. This appeal followed.

## STANDARD OF REVIEW

"When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP." *Knight v. Austin*, 396 S.C. 518, 521, 722 S.E.2d 802, 804 (2012) (quoting *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011)). "Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Id.* at 521-22, 722 S.E.2d at 804. "The evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Id.* at 522, 722 S.E.2d at 804 (quoting *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002)). "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009).

## LAW/ANALYSIS

Jordan argues the circuit court erred in granting summary judgment because he presented a scintilla of evidence

that he was not negligent in failing to determine the identity of Jane Doe. We agree.

An injured insured may recover for injuries caused by an unidentified driver based on an uninsured motorist policy if the insured complies with the requirements of section 38-77-170 of the South Carolina Code (2015). That section indicates:

If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:

(1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence;

(2) the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit;

(3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

"An insured cannot recover uninsured motorist coverage unless the three conditions under [section] 38-77-170 are met." *Miller v. Doe*, 312 S.C. 444, 446, 441 S.E.2d 319, 320 (1994).

The circuit court found Jordan failed to satisfy the third requirement to recover under the uninsured motorist policy. The circuit court found,

[Jordan] was aware of the existence of video tapes and security footage from the location of the accident yet he did not act to recover that evidence—or even choose to view the evidence. [Jordan] failed to follow up with the store manager to determine the identity of the driver. Police were dispatched the following day when [Jordan] presented to the hospital but [Jordan] shut down their investigation into the matter by instructing them not to pursue charges.

Due care required [Jordan] to actually seek out the footage from the store in order to ascertain the identity of the driver. [Jordan] failed to do so. Simply informing police

officers one day later that there may be footage is not sufficient to meet the high burden of the statute. Additionally, instructing those same officers not to pursue the case negates any benefit that could be obtained from their investigation. [Jordan's] own actions resulted in a failure to obtain the identity of the vehicle and/or driver. These actions constitute negligence pursuant to [section] 38-77-170(3).

Accordingly, the circuit court granted Doe's motion for summary judgment.

We find Jordan presented sufficient evidence, viewed in the light most favorable to the plaintiff, to create a question of fact with regard to his negligence in failing to determine the identity of the unknown driver at the time of the accident. *Knight*, 396 S.C. at 521-22, 722 S.E.2d at 804 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); S.C. Code Ann. § 38-77-170(3). Immediately following the accident, Jordan asked the multiple witnesses to the accident which way the offending driver went. Jordan then attempted to locate the vehicle that hit him for twenty minutes. Finally, he found a merchant with video of the driver.[2] These facts satisfy the scintilla standard, and a jury should determine whether Jordan's actions rose to the level of negligence in failing to determine the identity of the driver at the time of the accident.

Doe argues Jordan effectively stopped any police investigation of the incident by telling officers he did not want to prosecute. Doe also argues Jordan should have questioned the store clerk about the driver's identity, questioned the witnesses about whether they knew the driver, and asked the witnesses whether they saw a license plate number. The statute does not require the victim of an accident to do

---

2. It is also noteworthy Jordan reported the incident to police and notified officers a video of the driver existed, though we focus our analysis on Jordan's actions at the scene of the accident. S.C. Code Ann. § 38-77-170(3) (requiring an insured seeking to collect under the insured's uninsured motorist coverage to not be "negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident").

everything necessary to secure the identity of the driver. Instead, the statute requires the victim not be negligent in failing to determine the driver's identity at the time of the accident.

Doe asserts this case is controlled by our supreme court's holding in *Hart v. Doe*, 261 S.C. 116, 198 S.E.2d 526 (1973). In *Hart*, the plaintiff was injured when another vehicle failed to yield the right of way at an intersection. *Id.* at 118-119, 198 S.E.2d at 527. At trial, the jury returned a verdict in favor of the plaintiff, and the defendant filed a motion for judgment notwithstanding the verdict, based in part upon the plaintiff's negligence in failing to ascertain the identity of the unidentified driver, which the trial court granted. *Id.*

The supreme court affirmed. The Hart court noted

Plaintiff was painfully injured, sustaining a compressed fracture of her second lumbar vertebra and as a result she testified that she was unable to move immediately following the accident, but her testimony as to various post accident facts reflects that she remained in full possession of her mental faculties. She remained in her car for some twenty or thirty minutes until removed by an ambulance.... Immediately following the wreck, she directed one of the children to go for their father and the other to go notify Highway Patrol and get an ambulance.

*Id.* at 121, 198 S.E.2d at 528. The court also found the driver of the other vehicle parked near the accident site and stayed with the wrecked car until the ambulance left the scene with the plaintiff. *Id.* at 121, 198 S.E.2d at 528–29. The unidentified driver also spoke with the plaintiff and told her he was from Texas. *Id.* at 122, 198 S.E.2d at 529.

The Hart court found "we have the plaintiff in full possession of her faculties, who spent some twenty to thirty minutes in the company of the man from Texas ... who, as she contends, ran into her and forced her into a field.... Yet, she made no effort to ascertain the identity of the man from Texas." *Id.* The court found "the only inference from the testimony is that [Hart] exercised no care whatever in" identifying the driver. *Id.*

*Hart* is easily distinguishable. Jordan did not have the opportunity to speak with the driver that hit him, and he took

affirmative steps to determine who the driver was. While Jordan may have been able to do more to determine the identity of the driver, we believe there was some evidence to satisfy the statutory requirement that he not be negligent in failing to identify the driver. Thus, we find the circuit court erred in granting Doe summary judgment.

## CONCLUSION

Accordingly, the decision of the trial court is

**REVERSED.**

HUFF and THOMAS, JJ., concur.