**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Oak Pointe Homeowners' Association, Inc., Respondent,

v.

Mackenzie E. Peffley, Appellant.

Appellate Case No. 2015-000263

———

Appeal From Lexington County
G. Thomas Cooper, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2018-UP-131
Heard October 4, 2017 – Filed March 28, 2018

———

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———

Andrew Sims Radeker, of Harrison & Radeker, P.A. of Columbia for Appellant.

Stephanie Carol Trotter and Joel Morris Deason, Sr., both of McCabe, Trotter & Beverly, P.C. of Columbia for Respondent.

———

**PER CURIAM:** Appellant Mackenzie Peffley's home is within a subdivision governed by Oak Pointe Homeowner's Association, Inc. (Oak Pointe). In April 2010, Peffley received a non-compliance assessment from Oak Pointe for burning trash in her backyard. In June 2010, she received another non-compliance assessment for placing a "For Rent" sign in her front yard, which she appealed. On February 25, 2011, Oak Pointe sent Peffley a letter indicating she owed $490.00, due within ten days, as a result of the two non-compliance assessments and one unpaid annual membership assessment. On March 13, 2011, Peffley wrote a check for $490.00 payable to Oak Pointe. The next day, Peffley emailed Oak Pointe's president asking the status of her appeal. The president indicated she had asked for Peffley's fine to be removed (and it later was removed by a successful appeal), to which Peffley responded, "I paid my debt to [Oak Pointe] in full today so I should have a credit for next years fees." In an email sent at 10:00pm the same day, the president responded, "You will be reimbursed." On March 16, 2011, Peffley's account was turned over to Oak Pointe's attorneys for collection. On March 21, 2011, Oak Pointe's attorneys executed a Notice of a Lien on Peffley's home for $870.83, based on the principal debt of $490.00, $375.00 in attorneys' fees, and unspecified interest. On March 23, 2011, the Notice of Lien was filed with Lexington County. The same day, Peffley's check for $490.00 was negotiated.

Two years later, Oak Pointe foreclosed on the Lien, claiming Peffley owed Oak Pointe $933.37. Peffley asserted numerous counterclaims, and Oak Pointe moved for summary judgment. After a hearing, the circuit court granted summary judgment to Oak Pointe on Peffley's counterclaims for: (1) breach of contract; (2) breach of contract accompanied by fraudulent act; (3) negligent misrepresentation; (4) slander of title; (5) libel; and (6) a violation of the South Carolina Unfair Trade Practices Act (UTPA). We reverse the circuit court's grant of summary judgment to Oak Pointe on Peffley's claims for negligent misrepresentation, breach of contract, slander of title, and libel. We affirm summary judgment to Oak Pointe on Peffley's claims for breach of contract accompanied by a fraudulent act and a violation of UTPA.

1.     We find the circuit court erred in granting summary judgment to Oak Pointe on Peffley's claim for breach of contract. It is undisputed the "Declaration of Covenants, Conditions, Restrictions, Easements, Charges and Liens for Oak Pointe" (Covenant Document) is a contract and states "[a]ny Assessments not paid within thirty (30) days after the due date shall bear interest from the due date . . . ." At summary judgment, Peffley argued Oak Pointe breached this section of the Covenant

Document when Oak Pointe charged interest on assessments allegedly owed to Oak Pointe without giving Peffley advance notice or a due date by which to pay them. In support, Peffley submitted her own affidavit asserting she had not received notice of money owed over the $490.00 she paid. Further, because it is undisputed Oak Pointe foreclosed for $933.37, an amount greater than the amount listed as owed in the Notice of Lien, there is an inference Peffley's alleged unpaid debt accrued interest. Viewing this evidence and all inferences in the light most favorable to Peffley, we find there are material facts in dispute regarding whether Oak Pointe breached the Covenant Document. *See* Rule 56, SCRCP; *Knight v. Austin*, 396 S.C. 518, 522, 722 S.E.2d 802, 804 (2012) (stating at summary judgment, "[t]he evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party" (quoting *Fleming v. Rose,* 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002)); *Hancock v. Mid-S. Mgmt. Co., Inc.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (holding in cases applying the preponderance of evidence standard at trial, a claimant need only present a mere scintilla of evidence to support each element of a claim to withstand a motion for summary judgment); *Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 414 S.C. 635, 652, 780 S.E.2d 263, 272 (Ct. App. 2015) (delineating elements of breach of contract claim).

2.     We find summary judgment was proper on Peffley's claim for breach of contract accompanied by a fraudulent act. Peffley asserts Oak Pointe committed fraud when its agent, the president of Oak Pointe, represented to Peffley that she would be reimbursed for overpayment, but, in actuality, Peffley's debt was turned over to Oak Pointe's lawyers for collection. While this evidence may, viewed in the light most favorable to Peffley, lead to the inference of a negligent misrepresentation on the part of Oak Pointe's president, we find Peffley has not satisfied her burden of producing more than a scintilla of evidence that Oak Pointe's president acted with the intent to deceive. *See Hancock*, 381 S.C. at 330–31, 673 S.E.2d at 803 (2009) (stating in cases requiring a heightened burden of proof, the non-moving party must submit more than a mere scintilla of evidence to withstand a motion for summary judgment); *Foxfire Vill., Inc. v. Black & Veatch, Inc.*, 304 S.C. 366, 374, 404 S.E.2d 912, 917 (Ct. App. 1991) ("Fraud cannot be presumed; it must be proved by clear, cogent, and convincing evidence."); *see also Brown v. Stewart*, 348 S.C. 33, 42, 557 S.E.2d 676, 681 (Ct. App. 2001) (stating "a key difference between fraud and negligent misrepresentation is that fraud requires the conveyance of a known falsity, while negligent misrepresentation is predicated upon transmission of a negligently made false statement"); *Save Charleston Found. v. Murray*, 286 S.C. 170, 181, 333 S.E.2d 60, 67 (Ct. App. 1985) (stating proof of fraudulent act in a claim for breach

of contract accompanied by a fraudulent act must include proof of the intent to deceive).

3.      We find the circuit court erred in granting summary judgment to Oak Pointe on Peffley's negligent misrepresentation claim.  At summary judgment, Peffley introduced the following evidence: (1) her own affidavit stating she relied on Oak Pointe president's statement, "You will be reimbursed," to mean she had fully satisfied her debt to Oak Pointe; (2) the email exchange between Oak Pointe's president and Peffley leading up to and including the president's statement; (3) Peffley's bank records with a copy of the March 13, 2011 check for $490.00; and (4) Oak Pointe's attorneys' "Account Activity Report" giving inference the Notice of Lien was based on $490.00, $375.00 in attorneys' fees, and interest.  Viewing all inferences in the light most favorable to Peffley, we find there are material facts in dispute regarding each element of a negligent misrepresentation claim.  *See Quail Hill, LLC v. Cty. of Richland*, 387 S.C. 223, 240, 692 S.E.2d 499, 508 (2010) (delineating the elements of a negligent misrepresentation claim); *Rickborn v. Liberty Life Ins. Co.*, 321 S.C. 291, 300, 468 S.E.2d 292, 298 (1996) (stating "[g]enerally, the principal is held liable to third persons in civil suits for . . . 'misrepresentations [and] negligences . . . of his agent in the course of his employment'" (quoting *Huestess v. S. Atl. Life Ins. Co.*, 88 S.C. 31, 41, 70 S.E. 403, 407 (1911)); *Winburn v. Ins. Co. of N. Am.*, 287 S.C. 435, 442, 339 S.E.2d 142, 146–47 (Ct. App. 1985) (stating the fact that the information is given in the course of the adverse party's "business, profession or employment is a sufficient indication that he has a pecuniary interest in it, even though he receives no consideration for it at the time" (quoting RESTATEMENT (SECOND) OF TORTS § 552, cmt. d, at 129–30 (1977))).  Further, whether the president of Oak Pointe's statement was strictly a future promise, or whether—in the context it was given—it was also a statement of agreement on which Peffley could justifiably rely to believe her debt was satisfied, is a question for the factfinder.  *See Wilson v. Style Crest Prods., Inc.*, 367 S.C. 653, 656, 627 S.E.2d 733, 735 (2006) ("[W]hen there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied.").

4.      We find the circuit court erred in granting summary judgment to Oak Pointe on Peffley's claim for slander of title.  At summary judgment, Peffley argued that because Oak Pointe filed the Notice of Lien for $870.00 after Peffley had paid $490.00 and Oak Pointe's president had stated, "You will be reimbursed," Oak Pointe committed slander of title.  Viewing the inferences in the light most favorable

to Peffley, we find there are material facts in dispute regarding whether Oak Pointe wrongfully recorded the Notice of Lien—and acted with reckless disregard by doing so—by filing it on the day the check for the principal payment was negotiated and nine days after Peffley remitted payment for the principal debt and informed Oak Pointe's president of the payment. *See Wilson*, 367 S.C. at 656, 627 S.E.2d at 735; *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 21–22, 567 S.E.2d 881, 892 (Ct. App. 2002) (delineating elements of a claim for slander of title); *Huff v. Jennings*, 319 S.C. 142, 149, 459 S.E.2d 886, 891 (Ct. App. 1995) (stating that "[w]rongfully recording an unfounded claim against the property of another generally is actionable as slander of title"); *id*. at 150, 459 S.E.2d at 891 (stating that, "[i]n slander of title actions, the malice requirement may be satisfied by showing the publication was made in reckless or wanton disregard to the rights of another, or without legal justification"). Further, we find the Notice of Lien was not a privileged pleading to the foreclosure action; the lien existed separate and apart from the foreclosure action. *Cf. Pond Place Partners, Inc.*, 351 S.C. at 30, 567 S.E.2d at 896–97 (extending the absolute privilege doctrine applied to pleadings to a *lis pendens* filed in the course of a foreclosure action, as the *lis pendens* could not exist separate and apart from the foreclosure action).

5. We find the circuit court erred in granting summary judgment on Peffley's claim for libel. Peffley's libel claim is based on the same theory of liability as her slander of title claim. As with her slander of title claim, we find Peffley has satisfied her burden of proof at summary judgment. *See Parker v. Evening Post Publ'g. Co.*, 317 S.C. 236, 242–43, 452 S.E.2d 640, 644 (Ct. App. 1994) (delineating elements of a claim for libel).

6. We affirm the circuit court's grant of summary judgment to Oak Pointe on Peffley's UTPA claim pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 39-5-20(a) (1985) ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of* any trade or commerce are hereby declared unlawful." (emphasis added)); S.C. Code Ann. § 39-5-10(b) (1985) (defining "trade" and "commerce" as "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and

shall include any trade or commerce directly or indirectly affecting the people of this State.").[1]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decline to address whether Oak Pointe has the power to levy fines because determination of this question is immaterial to the disposition of this appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding that when one issue is dispositive, it is not necessary to address remaining issues). We also note this issue is pending before the circuit court in Peffley's declaratory judgment action.