650 S.E.2d 68

Tom **HANSSON**, Respondent,

v.

**SCALISE BUILDERS OF SOUTH CAROLINA
and Sam Scalise, Petitioners.**

No. 26369.

Supreme Court of South Carolina.

Heard June 6, 2007.

Decided Aug. 13, 2007.

Henrietta U. Golding and Amanda A. Bailey, both of McNair Law Firm, of Myrtle Beach, for Petitioners.

Chalmers Carey Johnson, of Chalmers Johnson Law Firm, of Mt. Pleasant, for Respondent.

Chief Justice TOAL.

In this case, Respondent sued Petitioners alleging various tort claims arising out of Respondent's employment relationship with Petitioners. The trial court granted Petitioners' motion for summary judgment as to all causes of action. The court of appeals reversed the trial court's decision as to Respondent's intentional infliction of emotional distress claim, and this Court granted certiorari.

## FACTUAL/PROCEDURAL BACKGROUND

Petitioner Scalise Builders of South Carolina is a construction company owned by Petitioner Sam Scalise (collectively,

"Petitioners"). Petitioners hired Respondent Tom Hansson ("Hansson") as a construction worker in 1997. Hansson worked in this capacity for Petitioners until he quit in 2000. During his employment, Hansson alleges that his coworkers and supervisor, Petitioner Sam Scalise ("Scalise"), constantly derided him with callous and vulgar remarks and gestures related to homosexuality.

In 2002, Hansson filed a complaint against Petitioners alleging various causes of action, including intentional infliction of emotional distress. The trial court granted Petitioners' motion for summary judgment as to all Hansson's claims and Hansson appealed. On appeal, Hansson's sole claim was that the trial court erred in granting summary judgment as to his cause of action for intentional infliction of emotional distress.

In a split decision, the court of appeals held that the trial court erred in granting summary judgment on Hansson's emotional distress claim. Specifically, the court found that Hansson demonstrated a genuine issue of material fact regarding the element of "outrageous conduct" required for an intentional infliction of emotional distress claim. *Hansson v. Scalise Builders of South Carolina*, Op. No.2005–UP–340 (S.C. Ct.App. filed May 18, 2005) (unpublished opinion). The dissent in the court of appeals would have affirmed the trial court's decision on the grounds that the record failed to establish a prima facie case of intentional infliction of emotional distress. *Id.* (Kittredge, J., dissenting).

This Court granted certiorari and Petitioners raise the following issue for review:

> Did the court of appeals err in reversing the trial court's grant of summary judgment because Hansson failed to establish a prima facie case for his intentional infliction of emotional distress claim?

### Standard of Review

When reviewing a grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP. *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party. *David*, 367 S.C. at 247, 626 S.E.2d at 3.

### LAW/ANALYSIS

Petitioners argue that the court of appeals erred in reversing the trial court's grant of summary judgment because Hansson failed to establish a prima facie case for his intentional infliction of emotional distress claim. We agree.

Although this Court only recently formally recognized the tort of intentional infliction of emotional distress, the theory regarding recovery for emotional damages has an extensive history in South Carolina.[1] Prior to formal recognition of the tort, this Court had already indicated that willful and malicious conduct which proximately caused another's emotional

---

1. The following cases offer a representative timeline of the development of case theory regarding recovery for emotional damages: *Mack v. South–Bound R.R. Co.*, 52 S.C. 323, 335, 29 S.E. 905, 909 (1898) (holding that a plaintiff could not recover damages for mental suffering in the absence of bodily injury, but finding that injuries to the nervous system could be regarded as "an injury to the body rather than to the mind, even though the mind be at the same time injuriously affected" (quoting *Sloane v. S. Calif. Ry. Co.*, 111 Cal. 668, 44 P. 320, 322 (1896))); *Padgett v. Colonial Wholesale Distributing Co.*, 232 S.C. 593, 103 S.E.2d 265 (1958) (expressly rejecting any requirement of physical impact or tangible bodily injury to recover damages for bodily injury proximately caused by shock, fright, or emotional upset resulting from a tortfeasor's negligent and willful misconduct); *Turner v. ABC Jalousie Co. of N.C.*, 251 S.C. 92, 160 S.E.2d 528 (1968) (holding that a plaintiff's allegation that she suffered a nervous breakdown after a defendant used vile, profane, and abusive language towards her was sufficient to state a cause of action); *Rhodes v. Sec. Fin. Corp. of Landrum*, 268 S.C. 300, 302, 233 S.E.2d 105, 105 (1977) (holding that a defendant is not liable for a plaintiff's emotional distress without a showing that the distress inflicted was "extreme or severe"); *Hudson v. Zenith Engraving Co., Inc.*, 273 S.C. 766, 259 S.E.2d 812 (1979) ("In order to prevail in a tortious action in which the sole damages alleged are those of mental anguish, plaintiff must show that the conduct on the part of defendant was extreme and outrageous, causing distress that is of an extreme or severe nature." (citing *Rhodes*, 268 S.C. at 302, 233 S.E.2d at 105 *and* Restatement (Second) of Torts § 46 (1965))).

distress, and without accompanying physical injury, may be actionable.[2] The landscape dramatically changed when this Court expressly defined the tort of intentional infliction of emotional distress—also known as the tort of "outrage"—in *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981). In *Ford*, the Court held that in order to recover for intentional infliction of emotional distress, the complaining party must establish that:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct;
>
> (2) the conduct was so "extreme and outrageous" so as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community;"
>
> (3) the actions of the defendant caused plaintiff's emotional distress; and
>
> (4) the emotional distress suffered by the plaintiff was "severe" such that "no reasonable man could be expected to endure it."

*Id.* at 162, 276 S.E.2d at 778 (quoting Restatement (Second) of Torts § 46, cmts. d, i, and j) (citations omitted). Thus, in *Ford*, the Court expressly ruled that a party could recover damages for emotional distress in the absence of physical impact or physical injury. *Id.*

Recognition of this tort, however, did not come without qualification. In *Ford*, the Court emphasized the heightened burden of proof articulated in the second and fourth elements of the tort, insisting that in order to prevail in a tort action alleging damages for purely mental anguish, the plaintiff must show both that the conduct on the part of the defendant was "extreme and outrageous," and that the conduct caused distress of an "extreme or severe nature." *Id.* at 161, 276 S.E.2d at 778 (quoting *Hudson*, 273 S.C. at 770, 259 S.E.2d at 814). Chief Justice Littlejohn, writing for the Court, further reasoned that "where physical harm is lacking, the courts should look initially for more in the way of extreme outrage as an assurance that the mental disturbance claimed is not fictitious." *Id.* at 166, 276 S.E.2d at 780 (citing William L.

---

**2.** *See supra* note 1.

Prosser, *The Law of Torts* § 12 (4th ed.1971)). In this vein, our courts have since noted "the widespread reluctance of courts to permit the tort of outrage to become a panacea for wounded feelings rather than reprehensible conduct." *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 283 S.C. 155, 171, 321 S.E.2d 602, 611 (Ct.App.1984), *rev'd on other grounds*, 287 S.C. 190, 336 S.E.2d 472 (1985).

The threshold issue raised by the parties in this case is whether a court must consider all four elements in a claim for intentional infliction of emotional distress when ruling on a summary judgment motion. Hansson contends that the court of appeals properly ended its summary judgment analysis with the determination that reasonable minds could differ as to whether Petitioners' conduct was "extreme and outrageous." Thus, Hansson argues that the court correctly found that the trial court's grant of summary judgment was inappropriate. Hansson's argument primarily relies on prior pronouncements from this Court that in reviewing summary judgment for a claim of intentional infliction of emotional distress, "it is for the Court's determination whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, and only where reasonable persons might differ is the question one for the jury." *Holtzscheiter v. Thomson Newspapers*, 306 S.C. 297, 302, 411 S.E.2d 664, 666 (1991) (quoting *Todd*, 283 S.C. at 167, 321 S.E.2d at 609). Although Hansson is correct in his recitation of precedent, his argument does not reach an accurate conclusion.

■ By narrowly construing the language used by the Court, Hansson misinterprets this Court's pronouncement to mean that a court need only make a determination as to the extreme and outrageous conduct of the defendant—the second element of the tort of intentional infliction of emotional distress—when ruling on a motion for summary judgment. Such a literal interpretation, however, stands in direct contradiction to the rules governing summary judgment. This Court has established that "[t]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof." *Baughman v. Amer. Tel. & Tel. Co.*, 306 S.C. 101, 116, 410 S.E.2d 537, 545–46 (1991)

(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Therefore, on a defendant's motion for summary judgment such as the one at issue here, a court cannot properly deny the motion after only finding that a genuine issue of material fact exists as to one element of the plaintiff's claim; rather, under *Baughman*, the court must determine that a genuine issue of material fact exists for each essential element of the plaintiff's claim. Accordingly, we hold that when ruling on a summary judgment motion, a court must determine whether the plaintiff has established a prima facie case as to each element of a claim for intentional infliction of emotional distress.

■■■ Applying this principle to the instant case, we further hold that after finding that reasonable minds could differ as to whether Petitioners' alleged conduct was sufficiently "outrageous" to establish a claim for intentional infliction of emotional distress, the court of appeals erred by not proceeding with a similar inquiry into whether Hansson's resulting emotional distress was sufficiently "severe." In order to prevent claims for intentional infliction of emotional distress from becoming "a panacea for wounded feelings rather than reprehensible conduct," *Todd*, 283 S.C. at 171, 321 S.E.2d at 611, the court plays a significant gatekeeping role in analyzing a defendant's motion for summary judgment. *See* Restatement (Second) of Torts § 46 cmt. j ("It is for the court to determine whether on the evidence severe emotional distress can be found; it is for the jury to determine whether, on the evidence, it has in fact existed."). For this reason, our analysis must begin in large part where the analysis by the court of appeals ended.

Under the heightened standard of proof for emotional distress claims emphasized in *Ford*, a party cannot establish a prima facie claim for damages resulting from a defendant's tortious conduct with mere bald assertions. To permit a plaintiff to legitimately state a cause of action by simply alleging, "I suffered emotional distress" would be irreconcilable with this Court's development of the law in this area. In the words of Justice Littlejohn, the court must look for something "more"—in the form of third party witness testimony and other corroborating evidence—in order to make a

prima facie showing of "severe" emotional distress.[3]  *See also* *Rhodes*, 268 S.C. at 302, 233 S.E.2d at 105 (upholding the trial court's grant of judgment notwithstanding the verdict to the defendant in a plaintiff's claim for emotional distress because the plaintiff failed to show that the defendant's conduct was "unreasonable or abusive, nor that [the plaintiff]'s emotional upset was other than transient or trivial").[4]

■ Hansson's alleged emotional damages resulting from Petitioners' conduct rested on his testimony that he lost sleep at night and that he visited a dentist who told him he appeared to be grinding his teeth in his sleep. He further testified that his condition necessitated a second trip to the dentist and "a couple hundred dollars" for fillings and a tooth cap. Hansson admitted that he neither visited nor received treatment or medication from any other physician or counselor. Additionally, Hansson stated that his coworkers' conduct did not cause him to lose any time from work. Hansson also asserted that the conduct did not affect his relationship with his wife, or affect his ability to perform his job. In fact, Hansson testified that he was generally satisfied with his employment and that, on a few occasions, he reciprocated Petitioners' jokes with sexually-oriented jokes of his own.

Even when considered in the light most favorable to Hansson, Hansson failed to provide any legally sufficient evidence in this case to show that his resulting emotional distress was

---

3. *Ford's* emphasis on the plaintiff's heightened standard of proof echoes the position of the Restatement (Second) of Torts, upon which this Court relied in adopting the rule of liability for intentional infliction of emotional distress. According to the Restatement:

> Emotional distress ... includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.

Restatement (Second) of Torts § 46 cmt. j.

4. Although this Court decided *Rhodes* before expressly recognizing the tort of intentional infliction of emotional distress, the Court cited to *Rhodes* with approval when it created liability for purely emotional damages in South Carolina. *See Ford*, 276 S.C. at 161, 276 S.E.2d at 778.

"severe" within the contemplation of this Court's mental anguish jurisprudence. Assuming, without deciding, that Petitioners' conduct was sufficiently "outrageous" to come within the ambit of intentional infliction of emotional distress, Hansson's passing references to fairly ordinary symptoms are nonetheless insufficient to create a jury question on the damages element of his claim for intentional infliction of emotional distress. Accordingly, we hold that the court of appeals erred in reversing the trial court's grant of summary judgment to Petitioners.

### CONCLUSION

For the foregoing reasons, we hold that Hansson failed to establish a genuine issue of material fact that he suffered severe emotional distress as a result of Petitioners' conduct. Accordingly, we reverse the decision of the court of appeals and reinstate the trial court's grant of summary judgment to Petitioners on Hansson's action for intentional infliction of emotional distress.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.