THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sandra Greene
 and Joel Greene, Appellants,
 
 
 

v.

 
 
 
 The Gaffney
 Ledger, Inc. and L. Cody Sossamon, Respondents.
 
 
 

Appeal From Cherokee County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No.  2011-UP-083
 Submitted  February 1, 2011  Filed
February 24, 2011

AFFIRMED

 
 
 
 Lovic A. Brooks, III, of Columbia, for
 Appellants.
 Jay Bender and Holly Palmer Beeson, of
 Columbia, for Respondents.
 
 
 

PER CURIAM: Sandra Greene and Joel Greene (Appellants) appeal the
 circuit courts grant of summary judgment on their claims for outrage and libel
 in favor of The Gaffney Ledger, Inc. and L. Cody Sossamon (Respondents). On
 appeal, Appellants argue the circuit court erred in: (1) ruling that expert
 medical testimony was necessary as a matter of law to prove outrage; (2)
 granting summary judgment on the claim for outrage based on grounds not urged
 by Respondents; and (3) finding that the alleged defamatory statements were not
 false.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1.  As to issue (1): Hansson v.
 Scalise Builders of S.C., 374 S.C. 352, 357-58, 650 S.E.2d 68,
 71 (2007) (stating that a trial court must determine whether the plaintiff
 has established that a genuine issue of material fact exists as to each of the
 four elements of the tort of outrage when ruling on a summary judgment motion); id. at 358, 650 S.E.2d at 72 (stating a court must look for more than mere
 bald assertions, but rather corroborating evidence in order to prove evidence
 of damages resulting from emotional distress when ruling on a summary judgment
 motion).
2.  As to issue (2): Transp. Ins.
 Co. & Flagstar Corp. v. S.C. Second Injury Fund, 389 S.C. 422,
 432, 699 S.E.2d 687, 692 (2010) ("[S]hort, conclusory statements made
 without supporting authority are deemed abandoned on appeal and therefore not preserved for our review."); Cullen
 v. McNeal, 390 S.C. 472, 492, 702 S.E.2d 378, 390 (Ct. App. 2010)
 (ruling that because the circuit court did not rule on the arguments and
 because no Rule 59(e), SCRCP motion was filed, the arguments were not preserved
 for appellate review); Cheap-O's Truck Stop, Inc. v. Cloyd, 350 S.C.
 596, 605, 567 S.E.2d 514, 518 (Ct. App. 2002) (stating a Form 4 order is
 not effective as a final order if the circuit court specifies that the final order
 will be prepared by the attorney).
3.  As to issue (3): Philadelphia
 Newspapers, Inc. v. Hepps, 475 U.S. 767, 768-69, 106 S.Ct. 1558,
 1559 (1986) ("[W]e hold that, at least where a newspaper publishes
 speech of public  concern, a private-figure
 plaintiff cannot recover damages without also showing that the statements at
 issue are false."); Gertz v. Robert Welch, Inc., 418 U.S. 323,
 339-40, 94 S.Ct. 2997, 3007 (1974) ("Under the First Amendment there
 is no such thing as a false idea.  However pernicious an opinion may seem, we
 depend for its correction not on the conscience of judges and juries but on the competition of other
 ideas."); Transp. Ins. Co. & Flagstar Corp.,  389 S.C. at
 431, 699 S.E.2d at 692 (stating an issue which is unappealed becomes the law
 of the case); Erickson v. Jones St. Publishers, LLC, 368 S.C. 444,
 466, 629 S.E.2d 653, 665 (2006) (stating that when a case involves a
 private figure plaintiff but an issue of public controversy or concern
 published by a media defendant, the plaintiff has the burden of proving common
 law malice and showing actual injury in the form of general or special damages).  
AFFIRMED.
HUFF, SHORT,
 and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.