**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dr. Joseph G. Carew and Dr. Karen Carew, Appellants,

v.

RBC Centura Bank, RBC Bank as successor in interest of RBC Centura Bank, Clifton W. Hall, Hall Builders, LLC, Mid Carolina Appraisal Company, LLC, and Teresa Addy Haltiwanger, Defendants,

Of Whom RBC Bank is the Respondent.

Appellate Case No. 2012-212283

―――――――――

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2014-UP-069
Heard December 10, 2013 – Filed February 19, 2014

―――――――――

**AFFIRMED**

―――――――――

Eric G. Fosmire, The Fosmire Law Firm, LLC, of Columbia, for Appellants.

Thomas W. McGee, III and Michael J. Anzelmo, Nelson Mullins Riley & Scarborough, LLP, both of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Joseph and Karen Carew filed negligence and breach of contract claims against RBC Bank, the lender that financed the construction of the Carews' home. We affirm the circuit court's granting of summary judgment on both claims.

The Carews allege RBC acted negligently in monitoring the construction of their home, which resulted in disbursal of loan proceeds in an amount greater than the completion percentage of the home, and construction defects. We find their negligence claim fails as a matter of law because the Carews cannot establish RBC owed them a legal duty of care. *See Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 357, 650 S.E.2d 68, 71 (2007) (stating summary judgment is warranted when the non-moving party "fails to . . . establish the existence of an element essential to the party's case"); *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 135, 638 S.E.2d 650, 656 (2006) (providing that "[i]n a negligence action, a plaintiff must show . . . the defendant owes a duty of care to the plaintiff"); *Roundtree Villas Ass'n v. 4701 Kings Corp.*, 282 S.C. 415, 422, 321 S.E.2d 46, 50 (1984) (holding periodic inspections during construction are "fundamentally for the protection of the lending institution and do[] not impose upon the lending institution a duty to see that the builder is getting a job free of defects"); *Regions Bank v. Schmauch*, 354 S.C. 648, 669-70, 582 S.E.2d 432, 443-44 (Ct. App. 2003) (holding a lender did not owe a borrower a duty of care "in the regular course of its business").

Regarding the Carews' assertion that RBC was negligent for "paying for the same construction draws twice," RBC later reimbursed the Carews in full, and thus we find the Carews' claim fails as a matter of law because they presented no evidence to prove they suffered any injury from this conduct. *See Hansson*, 374 S.C. at 357, 650 S.E.2d at 71; *Madison*, 371 S.C. at 135, 638 S.E.2d at 656 (stating "[i]n a negligence action, a plaintiff must show . . . [he or she] suffered an injury or damages").

Turning to the provisions of the contract, we initially find the record supports that the agreement was not an adhesion contract, nor were its terms unconscionable. *See Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 26-27, 644 S.E.2d 663, 669 (2007) (defining an adhesion contract as "a standard form contract offered on a 'take-it-or- leave-it' basis with terms that are not negotiable"); *Carolina Care Plan, Inc. v. United HealthCare Servs., Inc.*, 361 S.C. 544, 554, 606 S.E.2d 752, 757 (2004) (defining unconscionability "as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest

person would accept them").  The loan agreement in this case is typical of those used by other lenders, and the Carews presented no evidence and cite no case law to prove the terms of the agreement were unconscionable.  *See Simpson*, 373 S.C. at 27, 644 S.E.2d at 669 (stating an adhesion contract is not "per se unconscionable").  The Carews expressly agreed to pay for the services of the appraisal company, and we find it is a reasonable fee to incur in exchange for RBC extending the construction loan to them.  Thus, we find the contract is enforceable.

We further find the record supports that the agreement created no obligation on RBC in regard to construction inspections.  Specifically, we find sections 7.2.2 and 8.4 of the agreement establish that (1) RBC had no obligation to conduct inspections, (2) all inspections were for RBC's sole benefit, and (3) the Carews had no right to rely on any such inspections.  The Carews argue section 8.4 is unenforceable because it is "inconspicuous boilerplate language" that "was not specifically bargained for."  We find this argument unpersuasive because (1) section 8.4 is not, in fact, a waiver provision because the Carews had no existing right to rely on the inspections; (2) the Carews cite *no applicable* case law to support their argument; and (3) we do not to see how the Carews can argue the provision was not known to them or non-negotiable when Joseph Carew admitted he did not read the agreement.  *See Wachovia Bank v. Blackburn*, 394 S.C. 579, 585, 716 S.E.2d 454, 458 (Ct. App. 2011) ("A person signing a document is responsible for reading the document and making sure of its contents." (citation omitted)).

In regard to the Carews' breach of contract claim, we affirm the court's finding that sections 7.2.2 and 8.4 of the agreement placed no obligations on RBC, "and, therefore, cannot support a claim for breach of contract."  We do not address the court's specific findings regarding other provisions of the agreement, as the Carews do not assert on appeal that the trial court erred in making these findings.  *See Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 557, 684 S.E.2d 779, 783 (Ct. App. 2009) ("Because [the appellant] does not argue these issues on appeal, they are considered abandoned.").  Although the Carews argue RBC is liable because "its role was more than that of a mere lender," we find this argument unpreserved, as the Carews did not assert this argument to the trial court.  *See B & A Dev., Inc. v. Georgetown Cnty.*, 372 S.C. 261, 271, 641 S.E.2d 888, 894 (2007) (stating an issue not raised to and ruled upon by the trial court is unpreserved).

For the reasons stated above, we **AFFIRM** the circuit court's granting of summary judgment as to the Carews' negligence and breach of contract claims.

**FEW, C.J., PIEPER and KONDUROS, JJ., concur.**