**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jane Doe, as guardian for John Doe, Appellant,

v.

Boy Scout Troop 292, Spartanburg, SC; Palmetto Council of the Boy Scouts of America; St. Margaret's Episcopal Church; Shelby Culbreth; Jackie LaFontaine; Brandon Smith; Rob Green; Roy Cole; Bob Faulks; and Scott O'Neill, Respondents.

Appellate Case No. 2012-213521

———————

**ON REMAND FROM THE SUPREME COURT**

———————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-049
Submitted December 22, 2015 – Filed January 27, 2016

———————

**AFFIRMED**

———————

Gregg E. Meyers, of Jeff Anderson & Associates, P.A., of Saint Paul, Minnesota, for Appellant.

Allen Mattison Bogan and Miles Edward Coleman, both of Columbia, William Harrell Foster III, of Greenville,

and G. Mark Phillips, of Charleston, all of Nelson Mullins Riley & Scarborough, LLP, for Respondents.

---

**PER CURIAM:** In this action for intentional infliction of emotional distress, Appellant Jane Doe, as guardian for John Doe, challenges the circuit court's order granting summary judgment to Respondents, Boy Scout Troop 292 (Troop 292), Palmetto Council of the Boy Scouts of America, St. Margaret's Episcopal Church, and various individuals. Appellant argues (1) the circuit court erred in applying an adult standard to a developmentally disabled fourteen-year-old boy who was excluded from Troop 292 after reporting he was sexually abused by his scoutmaster; (2) the circuit court failed to construe the record in the light most favorable to Appellant; (3) the circuit court erred in applying a heightened burden of proof to this case; and (4) summary judgment was inappropriate in light of the alleged novelty of the case, the alleged pendency of discovery, the pendency of Appellant's motion to amend the complaint, and the "as is just" standard of Rule 56(f), SCRCP. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Appellant's argument that the circuit court erred in applying an adult standard to John Doe: *Jensen v. Conrad*, 292 S.C. 169, 172, 355 S.E.2d 291, 293 (Ct. App. 1987) ("A judgment will not be reversed for insubstantial errors not affecting the result."); *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 17, 677 S.E.2d 612, 616 (Ct. App. 2009) ("A jury issue is created when there is material evidence tending to establish the issue in the mind of a reasonable juror. However, this rule does not authorize submission of speculative, theoretical, and hypothetical views to the jury.") (quoting *Small v. Pioneer Mach., Inc.,* 329 S.C. 448, 461, 494 S.E.2d 835, 841 (Ct. App. 1997))); *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330-31, 673 S.E.2d 801, 803 (2009) ("[I]n cases requiring a heightened burden of proof[,] . . . the non-moving party must submit *more than a mere scintilla* of evidence to withstand a motion for summary judgment." (emphasis added)); *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 356, 650 S.E.2d 68, 71 (2007) ("In *Ford [v. Hutson*, 276 S.C. 157, 162, 276 S.E.2d 776, 778 (1981)], the Court emphasized the *heightened* burden of proof articulated in the second and fourth elements of the tort, insisting that in order to prevail in a tort action alleging damages for purely mental anguish, the plaintiff must show both that the conduct on the part of the defendant was extreme and outrageous[] and that the conduct caused distress of an extreme or severe nature." (emphasis added)); *id.* at 357, 650 S.E.2d 68, 71 (2007) ("The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of

an element essential to the party's case, and on which that party will bear the burden of proof." (alteration omitted)); *id.* at 358, 650 S.E.2d at 71 ("[W]hen ruling on a summary judgment motion, a court must determine whether the plaintiff has established a prima facie case as to each element of a claim for intentional infliction of emotional distress."); *id.* at 354, 650 S.E.2d at 70 ("When reviewing a grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *McSwain v. Shei*, 304 S.C. 25, 30, 402 S.E.2d 890, 892 (1991), *overruled on other grounds by Sabb v. S.C. State Univ.*, 350 S.C. 416, 567 S.E.2d 231 (2002) ("It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous as to permit recovery."); *Ford v. Hutson*, 276 S.C. 157, 162, 276 S.E.2d 776, 778 (1981) ("[I]n order to recover for the intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious[] and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was severe so that no reasonable man could be expected to endure it." (citations omitted)).

2.  As to Appellant's argument that the circuit court failed to construe the record in the light most favorable to Appellant:  *Hancock*, 381 S.C. at 329-30, 673 S.E.2d at 802 ("In determining whether any triable issues of fact exist, the evidence and all inferences [that] can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *cf. Peterson v. Porter*, 389 S.C. 148, 155-56, 697 S.E.2d 656, 660 (Ct. App. 2010) (holding the circuit court's order clearly indicated the rationale for granting summary judgment and contained a thorough analysis of the issues).

3.  As to Appellant's argument that the circuit court should not have applied a heightened burden of proof:  *Hancock*, 381 S.C. at 330-31, 673 S.E.2d at 803 ("[I]n cases requiring a heightened burden of proof[,] . . . the non-moving party must submit *more than a mere scintilla* of evidence to withstand a motion for summary judgment." (emphasis added)); *Hansson*, 374 S.C. at 356, 650 S.E.2d at 71 *("[W]here physical harm is lacking*, the courts should look initially for more in the way of extreme outrage as an assurance that the mental disturbance claimed is not fictitious." (emphasis added) (citations omitted)); *id.* (characterizing the burden of proof for outrage claims as a "heightened" burden); *Ford*, 276 S.C. at 162, 276 S.E.2d at 778 ("One who by extreme and outrageous conduct intentionally or

recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from *it*, for such bodily harm." (emphasis added) (quoting *Restatement (Second) of Torts* § 46)).

4. As to Appellant's argument that summary judgment on her claims was inappropriate in light of the novelty of the case, the pendency of discovery, the pendency of Appellant's motion to amend the complaint, and the "as is just" standard of Rule 56(f), SCRCP: Rule 15(a), SCRCP ("A party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and *does not prejudice any other party*." (emphasis added)); *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal." (citation omitted)); *ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 320 S.C. 143, 153-54, 463 S.E.2d 618, 624 (Ct. App. 1995), *rev'd in part on other grounds*, 327 S.C. 238, 489 S.E.2d 470 (1997) ("The mere fact that this case involves a novel issue does not render summary judgment inappropriate."); *id.* (indicating the novelty of a question of law may be considered only in combination with other circumstances justifying further inquiry into the facts).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur**.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.