**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Mariam R. Noorai, Appellant,

v.

School District of Pickens County, School District of Oconee County, and Gray Culler, Donald Boggs, Richard Hudak, Earnestine Williams, Marilyn Raines and Dr. Kelly Pew in their individual capacities, Respondents.

Appellate Case No. 2014-001282

Appeal From Oconee County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-160
Heard March 7, 2016 – Filed April 6, 2016

**AFFIRMED**

R. Mills Ariail, Jr., of Law Office of R. Mills Ariail, Jr., of Greenville, for Appellant.

David T. Duff and Laura Callaway Hart, both of Duff, White & Turner, LLC, of Columbia, for Respondents School District of Pickens County, Gary Culler, Donald Boggs, Richard Hudak, Marilyn Raines, and Dr. Kelly Pew.

Thomas Kennedy Barlow and Mary Allison Caudell, both of Childs & Halligan, P.A., of Columbia, for Respondents School District of Oconee County and Ernestine Williams.

_____

**PER CURIAM:** Appellant Mariam R. Noorai appeals the circuit court's order granting Respondents' motions for summary judgment. Appellant argues the circuit court erred by granting summary judgment on her claims for negligent misrepresentation, breach of contract, breach of contract accompanied by fraudulent acts, and intentional infliction of emotional distress. Appellant further claims the circuit court failed to conduct a full and proper summary judgment hearing.[1] We affirm.

1. We find the circuit court properly granted summary judgment to Respondents School District of Pickens County (SDPC) and Gary Culler on Appellant's claim for negligent misrepresentation because Appellant failed to produce evidence showing a genuine issue of material fact existed with regard to whether she suffered a pecuniary loss as a proximate result of SDPC and Culler's alleged misrepresentations. *See Carolina Chloride, Inc. v. Richland Cty.*, 394 S.C. 154, 164, 714 S.E.2d 869, 873 (2011) (requiring a plaintiff to show she suffered a pecuniary loss as a proximate result of her reliance on the misrepresentation to recover on a claim of negligent misrepresentation); *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 358, 650 S.E.2d 68, 71 (2007) (explaining for a plaintiff to defeat a motion for summary judgment a court must determine "a genuine issue of material fact exists for each essential element of the plaintiff's claim"). In Appellant's affidavit and deposition,[2] Appellant attributed her employment

_____

[1] Appellant appeals the grant of summary judgment only on the causes of action naming Respondents School District of Pickens County and Gary Culler as defendants. Thus, the grant of summary judgment on Appellant's other causes of action, which included the actions against the other respondents, is conclusive. *See In re Morrison*, 321 S.C. 370, 372 n.2, 468 S.E.2d 651, 652 n.2 (1996) (noting that an unappealed ruling precludes consideration of the issue on appeal).
[2] We considered only the portions of Appellant's deposition that were actually presented to the circuit court. *See* Rule 210(c), SCACR ("The Record shall not, however, include matter which was not presented to the lower court or tribunal.").

difficulties to "comments" and "negative information" provided to prospective employers by employees of SDPC and claimed she was unable to obtain new employment because of the "references going out" from SDPC's district office. Thus, the only evidence of a pecuniary loss showed the loss was due to negative employer references, rather than the alleged misrepresentations regarding a letter of resignation and her teaching certificate. Appellant failed to offer any evidence showing her inability to obtain new employment was due to the alleged misrepresentations.

To the extent Appellant argues she suffered a pecuniary loss because SDPC used the letter of resignation to deny her unemployment benefits, Appellant failed to argue this issue to the circuit court, and we found no evidence contained in the materials provided to the circuit court to support this assertion. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

2. We find the circuit court properly granted summary judgment to SDPC and Culler on Appellant's claim for breach of contract accompanied by fraudulent acts because Appellant failed to produce evidence showing a genuine issue of material fact existed with regard to whether SDPC or Culler breached the contract between SDPC and Appellant. First, the circuit court properly granted summary judgment to Culler on this issue because he and Appellant were never in a contractual relationship. *See Armstrong v. Collins*, 366 S.C. 204, 223, 621 S.E.2d 368, 377 (Ct. App. 2005) ("Having a contract is a prerequisite to proving breach of contract accompanied by a fraudulent act."). Second, the circuit court properly granted summary judgment to SDPC on this issue because Appellant failed to offer any evidence tending to show SDPC breached its contract with Appellant. The contract between SDPC and Appellant required SDPC to employ Appellant for the 2008-2009 school year and compensate her pursuant to a district salary schedule, and it is undisputed SDPC complied with these obligations. Thus, there is no genuine issue of material fact regarding whether SDPC breached its contract with Appellant. *See id.* (explaining a plaintiff must show a breach of contract to succeed on a cause of action for breach of contract accompanied by fraudulent acts).

To the extent Appellant argues covenants of good faith and fair dealing and statutory provisions were "implied into" her contract with SDPC, Appellant failed to raise these issues to the circuit court, and thus, they are unpreserved. *See Wilder*

*Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

3.  We find the circuit court properly granted summary judgment to Culler on Appellant's claim for intentional infliction of emotional distress (IIED) because Appellant failed to produce evidence showing a genuine issue of material fact existed with regard to whether Culler's conduct was sufficiently extreme and outrageous.  *See Gattison v. S.C. State Coll.*, 318 S.C. 148, 151, 456 S.E.2d 414, 416 (Ct. App. 1995) (explaining that to prevail on a claim for IIED a plaintiff must show "the defendant's conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community"); *Hansson*, 374 S.C. at 358, 650 S.E.2d at 72 (noting the circuit court "plays a significant gatekeeping role in analyzing a defendant's motion for summary judgment" on a claim for IIED); *Gattison*, 318 S.C. at 151-52, 456 S.E.2d at 416 (explaining the circuit court must submit this issue to the jury only after it makes an initial determination the defendant's conduct was extreme and outrageous enough to permit recovery).  In the light most favorable to Appellant, Culler's actions were not so extreme and outrageous so as to exceed all bounds of decency.

Furthermore, the circuit court properly granted summary judgment to Culler on this issue because Appellant failed to produce evidence showing a genuine issue of material fact existed with regard to whether Appellant's emotional distress was sufficiently severe.  *See Hansson*, 374 S.C. at 358, 650 S.E.2d at 72 (explaining if the conduct was extreme and outrageous enough to permit recovery, the circuit court should next proceed "with a similar inquiry into whether [the plaintiff]'s resulting emotional distress was sufficiently 'severe'").  Appellant claimed she suffered from post-traumatic stress disorder and anxiety and Culler's actions made her feel uncomfortable, intimidated, and depressed.  Appellant asserted several instances of crying and grinding her teeth at night due to these events.  We find Appellant's allegations regarding her emotional distress were insufficient to proceed on a claim for IIED because they were "mere bald assertions" uncorroborated by any other evidence.  *See id.* ("[A] party cannot establish a prima facie claim for damages resulting from a defendant's tortious conduct with mere bald assertions."); *id.* at 358-59, 650 S.E.2d at 72 ("[T]he court must look for something 'more'—in the form of third party witness testimony and other corroborating evidence—in order to make a prima facie showing of 'severe' emotional distress.").

4. We deny Appellant's request to remand this case to the circuit court for a more complete hearing because Appellant expressly waived any objection to the circuit court's abbreviated hearing. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A plethora of cases from the appellate entities of this state recognize that constitutional rights may be waived.").

**AFFIRMED.**

**SHORT, THOMAS, and KONDUROS, JJ., concur.**