**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Guadalupe J. Colorado and Sandra B. Colorado,
Appellants,

v.

Maurice Powers, Respondent.

Appellate Case No. 2023-000053

———

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge
Maite Murphy, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-102
Heard November 5, 2024 – Filed March 26, 2025

———

**AFFIRMED IN PART**
**REVERSED AND VACATED IN PART**

———

Sarah Jean Michaelis Cox, of Burnette Shutt & McDaniel, PA, of Columbia, for Appellants.

Christopher L. Jones, of Christopher L. Jones, Attorney at Law, LLC, of Greenville, for Respondent.

———

**PER CURIAM:** In this civil appeal, Guadalupe and Sandra Colorado (the Colorados) argue the trial court erred in denying their motions for (1) summary

judgment, (2) a directed verdict, (3) judgment notwithstanding the verdict (JNOV), and (4) a new trial.[1]  We affirm in part and reverse and vacate in part.

1. We affirm the trial court's denial of the Colorados' motion for a directed verdict on their claims for breach of restrictive covenants and injunctive relief.  When reviewing a motion for directed verdict, an appellate court must utilize the same standard as the trial court and view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  *Smalling v. Maselli*, 438 S.C. 588, 593, 884 S.E.2d 510, 512 (Ct. App. 2022).  "The trial court must deny a directed verdict motion when the evidence yields more than one inference or its inference is in doubt."  *Burnett v. Fam. Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010).  "When considering a directed verdict motion, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."  *Id.* at 188–89, 691 S.E.2d at 173.  The record clearly demonstrates that whether Powers operated a business or painted vehicles as a hobby was a contested issue with evidence presented from both sides.  While the Colorados testified they believed he was operating a business on his property and admitted into evidence alleged social media ads for the business, Powers testified he only received money for cost of materials and painted cars for himself, friends, and family.  Neighbors and various state officials also testified that they did not believe Powers operated a business from his property.  Moreover, the record contains 911 call reports, emails, letters from DHEC, etc. that show authorities never found Powers to be operating a business.  Accordingly, a finder of fact could easily reach more than one inference in this matter, rendering a directed verdict improper.  *See Hoover v. Broome*, 324 S.C. 531, 538, 479 S.E.2d 62, 66 (Ct. App. 1996) ("In ruling on a motion for a directed verdict, the court is only concerned with the existence or non-existence of evidence and does not have the authority to decide credibility issues nor to resolve conflicts in testimony.").

---

[1] The Colorados appeal the trial court's denial of summary judgment on their claims.  Our precedent is clear that "the denial of a motion for summary judgment is not immediately appealable."  *Olson v. Fac. House of Carolina, Inc.*, 354 S.C. 161, 167, 580 S.E.2d 440, 443 (2003); *see also Ballenger v. Bowen*, 313 S.C. 476, 476, 443 S.E.2d 379, 380 (1994) ("This Court has repeatedly held that the denial of summary judgment is not directly appealable.").  "The denial of a motion for summary judgment is not appealable because it does not finally determine anything about the merits or strike a defense."  *Watson v. Underwood*, 407 S.C. 443, 453, 756 S.E.2d 155, 160 (Ct. App. 2014).  Therefore, we decline to consider these issues on appeal.

2. We reverse the trial court's denial of JNOV on Powers's claim for intentional infliction of emotional distress (IIED). "Appellate courts must follow the same standard as trial courts when ruling on a JNOV motion: courts must view the evidence and all inferences reasonably drawn from the evidence in a light most favorable to the nonmoving party." *Edwards v. Scapa Waycross, Inc.*, 437 S.C. 396, 411, 878 S.E.2d 696, 704 (Ct. App. 2022), *aff'd*, 442 S.C. 387, 899 S.E.2d 597 (2024). "If more than one reasonable inference can be drawn or if the inferences to be drawn from the evidence are in doubt, the case should be submitted to the jury." *Id.* (quoting *Jolly v. Gen. Elec. Co.*, 435 S.C. 607, 623, 869 S.E.2d 819, 828 (Ct. App. 2021)). "[A] jury's verdict 'must be upheld unless no evidence reasonably supports the jury's findings[,]' i.e., a trial court should only grant a motion for JNOV if no reasonable jury could have reached the verdict." *Id.* (second alteration in original) (quoting *Jolly*, 435 S.C. at 623, 869 S.E.2d at 828).

"The tort of intentional infliction of emotional distress arises when one by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Upchurch v. N.Y. Times Co.*, 314 S.C. 531, 536, 431 S.E.2d 558, 561 (1993).

> In order to recover for intentional infliction of emotional distress, a plaintiff must establish: 1. The defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; 2. The conduct was so "extreme and outrageous" so as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community;" 3. The action of the defendant caused plaintiff's emotional distress; and 4. The emotional distress suffered by the plaintiff was "severe" such that "no reasonable man could be expected to endure it."

*Argoe v. Three Rivers Behav. Ctr. & Psychiatric Sols.*, 388 S.C. 394, 401–02, 697 S.E.2d 551, 555 (2010) (quoting *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 356, 650 S.E.2d 68, 70 (2007)). "Under the heightened standard of proof for emotional distress claims . . . , a party cannot establish a prima facie claim for damages resulting from a defendant's tortious conduct with *mere bald assertions*." *Hansson*, 374 S.C. at 358, 650 S.E.2d at 72 (emphasis added). Thus, an IIED claim must go beyond generally asserting a party suffered emotional distress. *Id.*

at 358–59, 650 S.E.2d at 71–72; *id.* at 360, 650 S.E.2d at 72 (holding the plaintiff's "passing references to fairly ordinary symptoms" were "insufficient to create a jury question on the damages element of his claim for intentional infliction of emotional distress"). Based upon our review of the record, we find Powers failed to sufficiently establish he suffered severe harm from the Colorados' conduct. In his pleadings, Powers alleged he suffered "great fear and anxiety," "emotional distress," and "great distress" from the Colorados' numerous complaints to police, DHEC, DSS, etc. Further, in his supporting affidavit and discovery responses, Powers failed to elaborate on the severe harm he suffered from the Colorados' harassment.[2] In fact, Powers failed to put forth any evidence as to harm other than generally asserting that the stress and anxiety caused by the Colorados led to sleep issues and erectile disfunction. However, Powers testified he did not see a doctor about those issues until a month prior to trial, and he did not admit any medical records from the visit into evidence. Therefore, we hold the trial court improperly denied the Colorados' JNOV on Powers's IIED claim.[3] Accordingly, we vacate the corresponding $70,000 jury award.

**AFFIRMED IN PART AND REVERSED AND VACATED IN PART.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] In reviewing the record, we note Powers's IIED claim should not have survived summary judgment. *See Hansson*, 374 S.C. at 360, 650 S.E.2d at 73 (reversing this court and reinstating the trial court's grant of summary judgment on IIED claim when plaintiff "failed to establish a genuine issue of material fact that he suffered severe emotional distress as a result of [the p]etitioners' conduct").

[3] Because this finding is dispositive, we need not address the Colorados' motions for a new trial. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).